UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY A. STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:11-CV-392 WL |
| | ) |
| MARK LEVENHAGEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Timothy A. Stevens, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Stevens alleges that he was unfairly removed from his prison job in the law library after he tested positive for drugs. (DE 1 at 3.) He alleges that his due process rights were violated

in connection with his termination. (*Id.* at 3-4.) The law is clear, however, that prisoners have neither liberty nor property interests in their prison work assignments. *Dewalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Thus, Stevens was not entitled to due process protections before being removed from his prison job. Furthermore, to the extent Stevens is alleging that the prison failed to follow internal policies regarding the urinalysis test, this would not state a cognizable claim under 42 U.S.C. § 1983 in any event. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes or administrative regulations).

Stevens also alleges that as a result of his positive drug test his contact visitation privileges were unfairly suspended. (DE 1 at 4.) The Supreme Court has recognized that contact visits present particular difficulties for correctional facilities and thus can be restricted or prohibited altogether:

> That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion. . . . Contact visits invite a host of security problems. They open the institution to the introduction of drugs, weapons, and other contraband. Visitors can easily conceal guns, knives, drugs, or other contraband in countless ways and pass them to an inmate unnoticed by even the most vigilant observers. . . . And these items can readily be slipped from the clothing of an innocent child, or transferred by other visitors permitted close contact with inmates.

*Block v. Rutherford*, 468 U.S. 576, 586 (1984). Although Stevens disagrees that he poses a risk to the facility, the court must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a

corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (upholding restriction on visitation for inmates with substance abuse violations, which served the legitimate goal of deterring the use of drugs and alcohol within the prison). The burden is on the prisoner to show there was no legitimate reason for the restriction on visitation, *see id.*, and Stevens has not done that here.

Furthermore, the Due Process Clause does not protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Id.* Even transferring a prisoner from the general population to a segregation unit does not present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. Here, the restriction placed on Steven's contact visits based on the determination that he constitutes a threat to the safety and security of the facility falls within the discretion the Constitution affords to prison officials. The restriction does not work an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 485. Accordingly, Stevens' allegations fail to state a claim for relief.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November 16, 2011              s/William C. Lee
                                                          William C. Lee, Judge
                                                          United States District Court